**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EMILY KERN, individually, and
as Administratrix of the Estate
of RILEY PARKER KERN,**

               Plaintiff,                     **1:20-cv-831
(GLS/DJS)**

                 v.

**TRAVIS D. HAGEN et al.,**

               Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Law Office of Michael H. Joseph, PLLC<br>203 E. Post Road<br>White Plains, NY 10601 | CLIFFORD S NELSON, ESQ. |
| **FOR THE DEFENDANTS:** | |
| *Travis D. Hagen*<br>Pemberton, Briggs Law Firm<br>202 Union Street<br>Schenectady, NY 12305 | PAUL BRIGGS, ESQ. |
| *Police Chief Daniel Contento,*<br>*Police Officer Ian Foard,*<br>*Police Officer Jonathan E. Myers,*<br>*& Town of Coeymans*<br>Bailey, Johnson & Peck, P.C.<br>5 Pine West Plaza, Suite 507<br>Washington Avenue Extension<br>Albany, NY 12205 | JOHN W. BAILEY, ESQ.<br>CRYSTAL R. PECK, ESQ. |

*Ravena Club Inc.*
Harris, Conway & Donovan, PLLC
50 State Street
2nd Floor
Albany, NY 12207

RYAN T. DONOVAN, ESQ.

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Emily Kern (hereinafter "Kern"), individually, and as administratrix of the estate of her son, Riley Parker Kern (hereinafter "Riley"), commenced this action against defendants Police Chief Daniel Contento, Police Officers Ian Foard and Jonathan E. Myers, Town of Coeymans (hereinafter collectively referred to as "Town defendants"), Travis D. Hagen, and Ravena Club Inc. d/b/a Sycamore County Club (hereinafter "the Sycamore Club"), alleging various claims pursuant to 42 U.S.C. § 1983 and New York State law arising out of a motor vehicle accident that resulted in the death of Riley. (Compl., Dkt. No. 1.) Pending before the court is Town defendants' motion to dismiss. (Dkt. No. 21.) For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[1]

In July 2018, Riley's motorcycle and Hagen's truck collided, resulting in Riley's death. (Compl. ¶¶ 19-21, 34.) The accident occurred adjacent to the Sycamore Club. (*Id.* ¶ 38.) The Town of Coeymans' Police Department (CPD), Coeymans Hollows Fire Department, and Ravena Rescue responded to the scene of the accident. (*Id.* ¶ 30.) CPD Officers Contento, Foard, and Myers witnessed the accident and responded to the scene, and Foard was the investigating officer. (*Id.* ¶¶ 30, 68-72.)

Just prior to the accident, Hagen was at the Sycamore Club consuming alcohol, and left intoxicated. (*Id.* ¶¶ 47-48.) Once on the scene, Contento, Foard, and Myers "had reason to suspect that [Hagen] had been drinking and was intoxicated." (*Id.* ¶ 74.) However, Contento, Foard, and Myers failed to request field testing, failed to preserve evidence, "created a false narrative as to how the [a]ccident occurred," and either did not collect and document investigatory information related to the accident, or, if they did, such information was destroyed, all "in an effort to

---

[1] The facts are drawn from Kern's complaint, (Dkt. No. 1), and presented in the light most favorable to her.

3

shield" Sycamore Club and Hagen from criminal and civil responsibility. (*Id.* ¶¶ 66, 83-84, 87.)

**B.     Procedural History**

Kern brings the following causes of action against Town defendants: (1) a Section 1983 procedural due process violation, (2) a deprivation of her right of access to the courts, (3) and a *Monell* claim against the Town of Coeymans.  (*Id.* ¶¶ 18-236.)  She asserts New York State law causes of action of conscious pain and suffering and wrongful death against Hagen, (*id.* ¶¶ 237-50), and a dram shop claim against Sycamore Club, (*id.* ¶¶ 251-59).  Kern also seeks attorneys' fees and costs from Town defendants and punitive damages against Hagen.  (*See generally id.*)  Both Hagen and Sycamore Club have answered the complaint.  (Dkt. Nos. 10, 20.)  Now pending is Town defendants' motion to dismiss.

**V.  Standard of Review**

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

**IV.  Discussion**

## A.      <u>Procedural Due Process Violation</u>

Kern alleges that New York Vehicle and Traffic Law (VTL) §§ 603 and 603-a required Contento, Foard, and Myers to submit Hagen to field testing and to investigate the accident to determine the cause of the accident, traffic violations, and contributing factors, and that Town defendants' denial of her purported right to "field testing," "investigatory information," and "a good faith, truthful and accurate accounting of the facts and circumstances" of the accident deprives her of procedural due process.  (Compl. ¶¶ 18-194.)  Town defendants argue generally that Kern does not have a constitutionally protected property interest in Town defendants' investigation of the accident.  (Dkt. No. 21, Attach. 1 at 5-11.)  Specifically, Town defendants maintain that a police officer's investigation of a motor vehicle accident, including whether to conduct a field sobriety test pursuant to VTL § 603-a, is discretionary, and, as to any duties owed under §§ 603, 603-a, and CPD's internal guidelines, such duties are owed to the public at-large, not to individuals such as Kern or Riley.  (*Id.*)  In response, Kern argues that she has a property interest in field testing and investigatory information because such duties are mandatory, not discretionary, and "[t]hese individual property rights are part and parcel of

5

[her] right to hold [Hagen] and Sycamore Club responsible for Riley's injuries and untimely death to the full extent permitted by New York law." (Dkt. No. 22 at 8-16.)

"To state a claim for deprivation of property without due process of law, a plaintiff must identify a property interest protected by the Due Process Clause." *Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010) (citations omitted). "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it.'" *Id.* (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)). Indeed, a plaintiff must "have a legitimate claim of entitlement to it," which "[is] not created by the Constitution but, rather, [such entitlements] are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (internal quotation marks, alteration, and citation omitted). "Although the substantive interest derives from an independent source such as state law, 'federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause.'" *Id.* (quoting *Castle Rock*, 545 U.S. at 757) (emphasis omitted).

6

To be a constitutionally protected entitlement, the benefit may not be discretionary, *see Castle Rock*, 545 U.S. at 756, and the entitlement must be owed to the individual, rather than to the public at-large, *see Harrington*, 607 F.3d at 34. "Thus, where the intended beneficiaries of a particular law are entirely generalized, . . . the law does not create a property interest protected by the Due Process Clause." *Id.* at 34-35 (internal quotation marks and citation omitted).

The parties disagree as to whether the relevant provisions of the VTL are mandatory. (Dkt. No. 21, Attach. 1 at 5-11; Dkt. No. 22 at 8-16.) However, the duties imposed by the VTL benefit the public generally, and not any particular person or group such as Kern or Riley. *See Stevens v. Webb*, No. 12-CV-2909, 2014 WL 1154246, at *6 (E.D.N.Y. Mar. 21, 2014) ("There is no indication in the statutory text [of Sections 603 and 603-a of the VTL] that the benefits of the investigation run to a particular individual or individuals. Instead, any such benefit 'arises *incidentally*, not out of some new species of government benefit or service, but out of a function that government actors have always performed.'" (quoting *Castle Rock*, 545 U.S. at 767)). As such, the VTL does not mandate any particular benefit to Kern, and, therefore, does not give rise to a constitutionally

7

protected property interest. *See Harrington*, 607 F.3d at 35 ("[P]laintiffs' claim fails for the independent reason that the duty imposed by the Suffolk County Code runs to the public generally, and not to the individual victims of crime. . . . Thus, in addition to its discretionary nature, we conclude that [the Suffolk County Code] does not create an individual entitlement to a police investigation, and therefore cannot give rise to a constitutionally protected property interest." (emphasis omitted) (citations omitted)).

Accordingly, Town defendants' motion to dismiss Kern's procedural due process claim is granted, and the claim is dismissed.

## B. Right of Access to the Courts

Town defendants argue that Kern has failed to allege that she was either entitled to field testing, such that the officers' failure to conduct field testing constitutes evidence of a cover up or bad faith, and she has failed to allege that she is otherwise unable to obtain the alleged missing investigatory information. (Dkt. No. 21, Attach. 1 at 11-14.) In response, Kern contends that the officers "purposefully denied [her] knowledge of the evidence needed to prove [Hagen] was intoxicated and reconstruct [the] accident to demonstrate that [Hagen] was at fault." (Dkt. No. 22 at 17-22.)

"A plaintiff's constitutional right of access to the courts is violated

8

where government officials obstruct legitimate efforts to seek judicial redress." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (internal quotation marks and citation omitted).  In general, right of access to the courts claims fall within two categories: forward-looking claims and backward-looking claims, the latter of which "covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Stevens*, 2014 WL 1154246, at *7 (quoting *Christopher v. Harbury*, 536 U.S. 403, 413-14 (1974)) (alterations and other citation omitted).

"[T]he theory [with a backward-looking claim] is that the cover-up has made it impossible for the plaintiff to litigate an underlying claim, because material evidence was destroyed, for instance, or because the statute of limitations expired before the plaintiff discovered the cover-up." *Logan v. Town of Windsor*, No. 3:18-CV-0593, 2018 WL 6838360, at *4 (N.D.N.Y. Sept. 28, 2018), *report and recommendation adopted*, No. 3:18-CV-0593, 2018 WL 6599402 (N.D.N.Y. Dec. 17, 2018) (internal quotation marks and citations omitted).  "The Second Circuit has expressly questioned the continued vitality of this type of access to courts claim, but noted that it

9

could be viable 'if a judicial remedy was completely foreclosed by the false statement or nondisclosure.'" *Id.* (quoting *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012)).

Kern maintains that she has alleged a backwards-looking claim. (Dkt. No. 22 at 17-22.)  However, Kern fails to plausibly allege that she was conclusively foreclosed from the courts based on the theory of a backward-looking claim.  Indeed, to succeed on a backward-looking claim, "a remedy must be completely foreclosed and that relief on the underlying claims may not still be available in a suit that may yet be brought, or a presently existing claim." *Stevens*, 2014 WL 1154246, at *7 (internal quotation marks, alterations, and citations omitted).  The claim must also "be predicated upon deliberate action to destroy evidence or prevent plaintiff from obtaining evidence." *Id.* (internal quotation marks and citation omitted).

Here, Kern argues that the officers failed to conduct a field test, and, absent the field test results, she "has been foreclosed from proving [Hagen] was intoxicated." (Dkt. No. 22 at 20.)  However, such conduct does not support a denial of access to the courts claim. *See Stevens*, 2014 WL 1154246, at *8 ("Further, the court cannot find any authority for

10

the proposition that neglecting to gather evidence rises to the level of deliberate destruction of gathered evidence and states a claim for the denial of access to the courts, an already rarely recognized claim."). Indeed, although the allegedly negligent investigation by Town defendants may impair Kern's ability to "reconstruct the accident and prove [Hagen] responsible" and succeed on her state law causes of action, (Dkt. No. 22 at 17-22), such claims have not been completely foreclosed.  *See Oliva v. Town of Greece*, 71 F. Supp. 3d 368, 375 (W.D.N.Y. 2014), *aff'd sub nom. Oliva v. Town of Greece*, 630 F. App'x 43 (2d Cir. 2015) ("While the Plaintiffs point out multiple instances of misconduct, the Second Circuit has explained that the completely foreclosed test applies even if some facts were concealed from the Plaintiffs, or if the Plaintiffs did not know or have access to every material fact prior to bringing suit.  This is so because most cases develop and get fleshed out through the discovery process, and for that reason, additional defendants or claims may be added to a lawsuit as they are identified through discovery." (internal quotation marks and citation omitted)); *Stevens*, 2014 WL 1154246, at *8 ("In the instant case, however, plaintiff has brought a wrongful death claim and seeks punitive damages against [defendants].  Although the allegedly negligent

11

investigation of [decedent's] death may have impaired plaintiff's ability to prove his wrongful death claim, that claim has not been completely foreclosed." (citation omitted)).

Accordingly, Town defendants' motion to dismiss Kern's denial of right of access to the courts claim is granted, and the claim is dismissed.

## C.   *Monell* **Claim**

Town of Coeymans argues that, because there is no underlying constitutional violation, there can be no *Monell* liability.  (Dkt. No. 21, Attach. 1 at 14-17.)  The court agrees.  A municipality may be liable under Section 1983 if a municipal "policy or custom" causes "deprivation of rights protected by the Constitution."  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978).  Because Kern has not adequately alleged a constitutional violation related to the Town, Kern's *Monell* claim fails.  *See Stevens*, 2014 WL 1154246, at *8.  Accordingly, Town defendants' motion to dismiss Kern's *Monell* claim is granted, and the claim is dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Town defendants' motion to dismiss (Dkt. No. 21) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that the Clerk **TERMINATE** Town defendants from the case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 11, 2021
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge