UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EMILY KERN, as administrator of the Estate of
Riley Parker Kern and Emily Kern, Individually,

                         Plaintiff,

v.                                           1:20-cv-831
                                                   (AMN/DJS)

TRAVIS D. HAGEN,

                         Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**LAW OFFICE OF MICHAEL H. JOSEPH, PLLC**      **CLIFFORD S. NELSON, ESQ.**
203 E. Post Road
White Plains, NY 10601
*Attorneys for Plaintiff*

**PEMBERTON, BRIGGS LAW FIRM**                 **PAUL BRIGGS, ESQ.**
202 Union Street
Schenectady, NY 12305
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 23, 2020, Plaintiff Emily Kern ("Plaintiff"), individually and as administrator of the Estate of Riley Parker Kern, commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1988 ("Section 1988"), and New York State law asserting claims arising out of a motor vehicle accident that resulted in the death of her son, Riley Parker Kern ("Riley"). Dkt. No. 1. Pending before the court is sole remaining defendant Travis D. Hagen's ("Defendant") motion for summary judgment. Dkt. No. 69. For the reasons explained below, the motion is granted.

II.  **BACKGROUND**

    A.  **Relevant Facts**[1]

Plaintiff's son, Riley, tragically died in a motor vehicle accident on July 27, 2018 in the Town of Coeymans.  Dkt. No. 69-1 at ¶ 1; Dkt. No. 73-2 ¶ 2.  Riley's motorcycle collided with Defendant's pickup truck near the intersection of Tompkins Road and State Route 143.  Dkt. No. 69-1 at ¶¶ 1-3.  Defendant contends that Riley was traveling southbound on State Route 143 while he was traveling northbound on the same road in his truck.  *Id.* at ¶¶ 2, 4.  Defendant further asserts that Riley "lost control of his motorcycle in the middle of a sharp curve in the road" and that the motorcycle fell and slid in front of and into his truck.  *Id.* at ¶¶ 7-8, 11.  According to Defendant, the motorcycle "passed under the front of [his] truck . . . and . . . came out from under the back of the truck."  *Id.* at ¶ 14.  Lastly, Defendant denies that he was speeding or had consumed any alcohol on the day of the accident.  *Id.* at ¶¶ 5-6, 16.

On the other hand, Plaintiff asserts that Riley was traveling northbound on State Route 143, given his plans to visit some friends who were in that direction on State Route 143 from his home. Dkt. No. 73-2 at ¶¶ 7, 8.  She also surmises that, given the proximity of the crash scene to a country club frequented by Defendant, that Defendant consumed alcohol prior to the collision.  *Id.* at ¶¶ 16-18; Dkt. No. 73-6 ¶¶ 3, 16, 18.

    B.  **Procedural History**

Plaintiff sued members of the Town of Coeymans Police Department, the Town of Coeymans itself, the Ravena Club, Inc., and Defendant.  *See generally* Dkt. No. 1.  The Town of Coeymans and the members of the Town of Coeymans Police Department moved to dismiss, and the Court

---

[1] Unless otherwise noted, the facts are not in dispute.

granted the motion.  Dkt. Nos. 21, 26.[2]  On appeal, the dismissal of those claims was affirmed.  Dkt. No. 34.  The Ravena Club Inc. was subsequently dismissed as a defendant by stipulation of the remaining parties.  Dkt. No. 63.  The complaint asserts negligence and wrongful death claims against Defendant.  Dkt. No. 1 at ¶¶ 237-50.  The complaint also suggests that Defendant conspired with the Town defendants to violate Plaintiff's civil rights.  *Id.* at ¶¶ 83-84.

Following the close of discovery, Dkt. No. 64, Defendant filed the instant motion for summary judgment, Dkt. No. 69.

### III. STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993).  A court first determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).  "When analyzing a summary judgment motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'"  *Galeotti v. Cianbro Corp.*, No. 5:12-cv-00900 (MAD/TWD), 2013 WL 3207312, at *4 (N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

 "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law."  *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted).

---

[2] This matter was later reassigned to the undersigned on January 19, 2023.  Dkt. No. 34.

To determine whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

## IV.  DISCUSSION

Defendant argues that the absence of any proof in support of Plaintiff's negligence, wrongful death, or 42 U.S.C. § 1983 conspiracy claims entitles him to summary judgment. Dkt. No. 69-3 at 6-9.[3] In response, Plaintiff contends that Defendant has failed to meet his initial burden on summary judgment, and, further, asserts that certain photographs "refute and discredit" Defendant's affidavit, which is self-serving and "not of evidentiary value." Dkt. No. 73-1 at 13-16. Plaintiff also argues that Defendant's affidavit is "controverted by his own testimony and, as such, [is] not entitled to evidentiary value." *Id.* at 17-18. Alternatively, assuming Defendant has met his burden, Plaintiff argues that she has demonstrated the existence of issues of fact that

---

[3] Where it exists, citations to docket entries utilize the pagination generation by CM/ECF, the Court's electronic filing system. Where such pagination does not exist, citations utilize the docket entry's internal page numbers.

4

necessitate a trial, particularly in light of her lightened burden given Riley's death, pursuant to the *Noseworthy* doctrine.[4]  *Id.* at 18-19; *see Noseworthy v. City of New York*, 298 N.Y. 76, 80 (1948).

### A. Negligence and Wrongful Death

Under New York law, "[i]t is well-settled that to establish a claim of negligence, a plaintiff must prove: a duty owed to the plaintiff by the defendant, a breach of that duty, and injury proximately resulting therefrom." *Moore Charitable Found. v. PJT Partners, Inc.*, 40 N.Y.3d 150, 157 (2023) (citations omitted).  Moreover, "the elements necessary to plead a cause of action for wrongful death [are] '(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent.'"  *Proano v Gutman*, 211 A.D.3d 978, 982-83 (2d Dep't 2022) (quoting *Chong v. N.Y.C. Tr. Auth.*, 83 A.D.2d 546, 547 (2d Dep't 1981)).  As such, both of Plaintiff's claims rely on a showing of Defendant's wrongful conduct or neglect.

Defendant has met his initial burden upon moving for summary judgment by pointing to the "absence of proof" in support of Plaintiff's claims.  *See Parker v. Sony Pictures Entertainment,*

---

[4] Plaintiff also argues (1) her future entitlement to an adverse inference charge due to spoliation of evidence should be considered, Dkt. No. 73-1 at 20-22, and (2) that Defendant's "false statements are evidence of [his] liability," *id.* at 22-23.  First, the adverse inference issue is moot in light of the award of summary judgment.  Regardless, there is no evidence to suggest that "photographs of the skid marks and/or the damage to [Defendant's] pickup truck" were ever in the possession of Defendant, or that Defendant ever knew about "the pickup truck's data recorder and the location history from defendant's iPhone," let alone that such data existed.  Dkt. No. 73-1 at 7 (citing interrogatory responses which indicate Defendant does not have such photographs and data but which are silent on whether such photographs and data ever existed).  As such, "the mere fact that [Defendant] failed to preserve [the allegedly disposed evidence] has little or no relevance and probative value."  *In re General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF), 2017 WL 2493143, at *3 (S.D.N.Y. June 9, 2017).  Second, Plaintiff's contention that Defendant's "false" statements may serve as evidence of liability improperly relies on criminal law principles.  In addition, the record is, at best, inconclusive in establishing that Defendant made any false statements as Plaintiff contends.  *See* Dkt. No. 74 at 4.

*Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial," but instead "need only point to an absence of proof." *Id.* Defendant does just that. Plaintiff has failed to produce a single piece of evidence to suggest that Defendant was "driving while intoxicated, speeding, failing to obey a stop sign and failing to yield the right of way to plaintiff's decedent." Dkt. No. 74 at 5. Indeed, Plaintiff's own expert appears to agree with Defendant's version of events, and regardless, fails to provide any opinions to support a finding of Defendant's negligence. Dkt. No. 73-23 at 8.

Once a defendant points to the "absence of proof on plaintiff's part," the plaintiff must then "designate specific facts showing that there is a genuine [dispute] for trial." *Bermudez v. Edmonds*, 15-CV-3240 (KAM), 2017 WL 11507652, at *2 (E.D.N.Y. Dec. 19, 2017) (citing *Parker*, 260 F. 3d at 111). To avoid summary judgment, Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts," but instead "must present concrete particulars and cannot succeed with purely conclusory allegations." *Id.* (citing *Fitch v. R.J. Reynolds Tobacco Co.*, 675 F. Supp. 133, 136 (S.D.N.Y. 1987). In turn, Plaintiff has failed to demonstrate the existence of triable issues of fact even with the benefit of *Noseworthy*.[5] The evidence relied upon by Plaintiff—consisting of certain photographs, the opinion of an expert, a declaration from an individual that was not present for the accident which arguably suggests Riley was traveling north towards the individual's home, and circumstantial evidence raising the possibility that Defendant had been at the Ravena Club shortly before the collision, Dkt. No. 73-1 at 19-20—do not

---

[5] One of Plaintiff's cases, *Sanchez-Santiago v. Call-A-Head Corp.*, 95 A.D.3d 1292 (2012), in fact weighs heavily in favor of Defendant. There, the Court granted summary judgment and found that "even with the reduced burden of proof under [the *Noseworthy* doctrine], the plaintiff is required to submit proof from which the defendant's negligence may be inferred." *Id.* at 1293. Both in *Sanchez-Santiago* and the case before this Court, "the plaintiff[s'] assertions that the defendant driver was negligent rest entirely on surmise and speculation," and thus, fail to surpass the lowered *Noseworthy* threshold.

demonstrate any negligence on the part of Defendant. Indeed, that evidence, if at all probative, only tends to discredit Defendant's version of events. It does not, however, provide an evidentiary basis from which a jury could conclude that Defendant was negligent. There is no evidence whatsoever that Defendant was drinking prior to the accident, that he cut off Riley, or that he failed to stop at the relevant stop sign. Instead, Plaintiff's evidence "is merely colorable [and] is not significantly probative, [so] summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

In reaching that conclusion, the Court is mindful that a mother has lost her son. But to proceed would allow the blame, if any, for Riley's death to be impermissibly based on speculation.

### B. Section 1983 Conspiracy Claim

To establish a conspiracy under 42 U.S.C. § 1983, a plaintiff must establish "an actual violation of constitutional rights." *See Almonte v. Florio*, No. 02 Civ. 6722(SAS), 2004 WL 60306, at *4 (S.D.N.Y. 2004). "In the event that substantive Section 1983 claims against named state actors have been dismissed, claims alleging participation in a civil rights conspiracy must also be dismissed." *Nettles v. State Univ. of N.Y.*, No. CV-07-5302, 2009 WL 10709084, at *5 (E.D.N.Y. 2009) (citation omitted).

Defendant seeks summary judgment on the basis of the absence of proof to support Plaintiff's § 1983 claim. Dkt. No. 69-3 at 8-9. Plaintiff fails to address this argument, which, by itself, counsels in favor of granting summary judgment. *See W. Coast Servicing, Inc. v. Giammichele*, 1:19-CV-1193 (GTS/CFH), 2022 WL 391424, at *4 (N.D.N.Y. 2022) ("In this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have 'consented' to the legal arguments contained in that memorandum of law under Local rule 7.1(a)(3)"). But more fundamentally, because the § 1983 claims were previously dismissed, Dkt. No. 26, there can be no

7

conspiracy claim premised on the same alleged unconstitutional conduct. *See Nettles*, 2009 WL 10709084, at *5.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for summary judgment, Dkt. No. 69, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED** in its entirety; and the Court further

**ORDERS** that the Clerk enter judgment and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge